UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| Jaquan Henderson, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:15-cv-1144 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| Shane Jackson, | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION

On November 5, 2015, Petitioner Jaquan Henderson filed a petition under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) The State of Michigan, through Jackson, filed its response on May 17, 2016. (ECF No. 5.) The Magistrate Judge issued an R&R on December 27, 2017, recommending that the petition be denied. (ECF No. 10.) The matter is now before the Court for de novo review of Petitioner's timely objections to the R & R. (ECF No. 13.)

### Statement of Facts

Henderson takes no issue with the facts as summarized by the magistrate judge. Since he lodges objections only to legal conclusions, the Court **ADOPTS** the magistrate judge's summary of the facts contained in the R & R. (ECF No. 10.)

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written

objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Henderson asserted three grounds for relief in his § 2254 petition:

I. Whether the trial court reversibly erred in failing to instruct the jury on duress, when there was evidence that [Henderson] shot his gun only in response to being threatened with a shotgun by a codefendant, and therefore violated [Henderson's] Fourteenth Amendment rights to due process and to a fair trial.

II. [Henderson's] convictions for second degree murder and assault with intent to commit murder must be vacated because there is insufficient evidence of malice and/or intent to kill to sustain the convictions beyond a reasonable doubt. U.S. Const. Am. XIV.

III. [Henderson's] conviction for assault with intent to commit murder must be reversed due to a structural error in the jury instructions i.e. failure to instruct on one of the essential elements of the offense

After thoroughly examining each issue, the magistrate judge concluded Henderson's arguments lacked merit and recommended that the Court deny his petition. (ECF No. 10.) From these three grounds, Henderson now raises seven objections. (ECF No. 13.)

**Objection 1: Jury Instructions on Duress**

The magistrate judge concluded that the trial court did not commit an error of constitutional magnitude by refusing to instruct the jury on the defense of duress. The judge reasoned that, because "States are free to define elements of, and defenses to, crimes," *Gimotty v. Elo*, 40 F. App'x 29, 32 (6th Cir. 2002), the Michigan Court of Appeals' determination that the defense of duress was not available to Henderson was controlling. (*See* ECF No. 6-11.)

Henderson now asserts that Michigan "has long recognized the existence of the affirmative defense of duress." (ECF No. 13 at PageID.1559.) He cites *People v. Luther*, 394 Mich. 619, 622 (1975). But he does not acknowledge that duress is not a defense to homicide under Michigan law. *See People v. Gimotty*, 216 Mich. App. 254, 257 (1996). The Michigan Court of Appeals also concluded that duress was not applicable to a charge of Assault with Intent to Commit Murder. (*See* ECF No. 6-11 at PageID.1340 ("[A]pplication of a duress defense in the context of AWIM would be entirely incongruous with the principle that "one cannot submit to coercion to take the life of a third person, but should risk or sacrifice his own life instead.").)

The Court is bound to follow the Michigan state court's interpretation of Michigan law, including the Michigan Court of Appeals' determinations made in Henderson's direct

3

appeal. *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw* v. Richey, 546 U.S. 74, 76 (2006)). Here, like in *Gimotty v. Elo*, the state court's determination on the unavailability of duress is virtually unassailable on habeas review by the federal courts. 40 F. App'x at 32. Just as the magistrate judge concluded, the trial court's decision to withhold an instruction on duress was not contrary to, nor an unreasonable application of federal law. Thus, this objection will be overruled.

**Objections 2 & 3: Sufficiency of the evidence**

The magistrate judge concluded that Henderson's claim for habeas relief based on the sufficiency of the evidence was meritless. The standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When brought in a § 2254 proceeding, the AEDPA standard also applies, so "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

Based on this standard, the magistrate judge concluded that Henderson's claim was meritless because Henderson did not challenge the facts the Michigan Court of Appeals relied on, but he instead gave his own spin on the evidence. (ECF No. 10 at PageID.1548.) The magistrate judge summarized the challenge as "ask[ing] the Court to turn the *Jackson* standard on its head." (*Id.*) Thus, the magistrate judge reviewed the facts relied on by the

4

state court, concluded that they were well-supported by the record, and recommended that the Court reject Henderson's argument. (*Id.*)

In his objections, Henderson again selectively quotes his own trial testimony to offer up his own narrative of the facts and ignores the Michigan Court of Appeals' determination that the evidence supported his conviction. He states, "If Petitioner's version is believed, he neither gave encouragement [n]or assistance nor intended to act out the crime." (ECF No. 13 at PageID.1562.)

Once again, the trouble for Henderson is that the jury *did not* believe his version of the facts because it found him guilty. The issue in a sufficiency-of-the-evidence challenge is whether, in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime. *Jackson*, 443 U.S. at 319. It is "an intentionally hard" standard to meet; it erects a "nearly insurmountable hurdle" to petitioners like Henderson. *See Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011 (en banc) (citations omitted). It requires significantly more than offering up an account of the facts in the light most favorable to the petitioner, as Henderson has done.

Thus, Henderson has failed to make out a sufficiency of the evidence claim, and there is no doubt that he has failed to show that the Michigan Court of Appeals' determination was an unreasonable application of *Jackson* or contrary to that decision. These objections (II and III) will be overruled.

### 4, 5, & 6. Assault with Intent to Commit Murder (AWIM) Instructions

Henderson next asserts that the jury instructions given amounted to a structural error that violated his Due Process rights. The trial court's jury instructions relating to Henderson's AWIM charge varied from Michigan's standard instruction by removing some optional text from the end of the instruction. The instruction given was:

> In count three, the defendant is charged with the crime of assault with intent to murder. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, that the defendant tried to physically injure another person.
>
> Second, that when the defendant committed the assault, he had the ability to cause an injury or at least believed that he had the ability.
>
> Third, that the defendant intended to kill the person he assaulted.

(ECF No. 6-7 at PageID.1200.) The "standard" version formulates the third element as "Third, that the defendant intended to kill the person he assaulted [and the circumstances did not legally excuse or reduce the crime.]" (ECF No. 1-1 at PageID.33.)

Henderson contends that this omission violated his Fourteenth Amendment right to a duress instruction or in the alternative that he demonstrated another mitigating basis for the omitted instruction. This is derivative of Henderson's first objection. For the reasons already addressed, the Michigan Court of Appeals' determination on the issue is binding on the Court. The Michigan Court of Appeals held:

> Defendant contends that the failure to include this language eliminated the prosecution's obligation to prove that, had the assault with intent to kill been successful, it would have amounted to murder. Defendant ties the failure to instruct on the matter to the issue of duress, claiming that duress constituted a legal excuse. However, we have already rejected the duress argument, and defendant does not set forth any other mitigating basis that would have

6

> necessitated the instructional language that was not included by the court in instructing the jury.

(ECF No. 6-11 at PageID.1341.)

In his objections, Henderson only rehashes the general constitutional protections relating to jury instructions. He also asserts that the failure to provide a duress instruction violated the law established by the Supreme Court in *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 446 (1978). There, the Court concluded that it was reversible error to fail to give an instruction on withdrawal from a conspiracy when the defendants had proffered substantial evidence that would support such a defense, and withdrawal was a complete defense to the charge. *Id.* at 464–65.

The key distinction between *United States Gyspsum Company* and the instant case is that the Michigan courts have concluded that duress was not a defense to Henderson's charged crimes, and that Henderson had not submitted evidence that would have supported any other defense. Accordingly, Henderson has not demonstrated that the failure to include jury instructions relating to duress or other defenses was contrary to or, or an unreasonable application of federal law. These objections (4, 5, & 6) will be overruled.

### 7. Certificate of Appealability

Finally, Henderson objects that reasonable jurists would debate his claims, so the Court should issue a certificate of appealability. He says that the Court had to engage in considerable analysis, and that his claims are non-frivolous, so they should be reviewed by the Sixth Circuit Court of Appeals. The magistrate judge examined Henderson's claims under the appropriate standard, *Slack v. McDaniel*, 529 U.S. 473 (2000), and concluded that

reasonable jurists would not conclude that denying Henderson's petition was debatable or wrong. Henderson's objections shed no light on the issue of a certificate of appealability. The Court finds that, particularly in light of the deference owed to the Michigan courts under AEDPA, reasonable jurists would not debate the Court's conclusion that Henderson's petition be denied. A certificate of appealability will be denied.

## Conclusion

In short, Henderson has presented no claim for which he is entitled to habeas corpus relief. The Court will overrule the objections and adopt the R & R as the Opinion of the Court.

## Certificate of Appealability

As previously discussed, The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack*, a reasonable jurist would not conclude the Court's assessment of each of petitioner's claims to be debatable or wrong, particularly in light of the AEDPA deference owed to the Michigan courts. Accordingly, Petitioner's certificate of appealability is **DENIED**.

## ORDER

For the reasons discussed in the accompanying opinion: Petitioner Jaquan Henderson's objections are **OVERRULED** (ECF No. 13); the magistrate judge's report and recommendation is **ADOPTED** as the Opinion of the Court (ECF No. 10); Petitioner's petition is **DENIED** (ECF No. 1); and a certificate of appealability is **DENIED**. Judgment will enter separately.

**IT IS SO ORDERED.**

Date: May 31, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge